JS 44 (Rev. 11/04)       **CIVIL COVER SHEET**       **APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

---

**I. (a) PLAINTIFFS**
JOHN DUNN

**DEFENDANTS**
STATE FARM FIRE & CASUALTY COMPANY

**(b)** County of Residence of First Listed Plaintiff   Berks County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    MCLEAN, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott Gallant, Esquire One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard, Philadelphia, PA 19103 (215) 568-2900

Attorneys (If Known)
Pamela A. Carlos, Esquire, Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3315

---

**I. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government   Plaintiff
☐ 3 Federal Question   (U.S. Government Not a Party)
☐ 2 U.S. Government   Defendant
X 4 Diversity   (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

---

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
X 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §§1332, 1441 and 1446
Brief description of cause:
breach of contract, bad faith pursuant to 42 Pa. C.S.A. 8371

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes x No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
April 23, 2015

SIGNATURE OF ATTORNEY OF RECORD
*Pamela A. Carlos*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**APPENDIX F**

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff : __1532 N. 11st Street, Reading, PA 19604__
Address of Defendant: __One State Farm Drive, Bloomington, Illinois, 61701__
Address of Co-Defendant: _____
Place of Accident, Incident or Transaction __1532 N. 11st Street, Reading, PA 19604__
     (Use Reverse Side For Additional Space)
Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes □  No X
Does this case involve multidistrict litigation possibilities?                 Yes □  No X

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:
1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                                Yes □  No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                 Yes □  No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?       Yes □  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:
1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
    (Please specify)

B.  Diversity Jurisdiction Cases:
1. X Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)
I,_____, counsel of record do hereby certify:
   □ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   □ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                  Attorney-at-Law                  Attorney I.D.#
   **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: __April 23, 2015__    *Pamela A. Carlos*        __56396__
                         Attorney-at-Law                  Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JOHN DUNN | : |
| | : |
| vs. | : |
| | : |
| STATE FARM FIRE AND | : |
| CASUALTY COMPANY | :       NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

_Pamela A. Carlos_

| 04/23/15 | Pamela A. Carlos, Esquire | State Farm Fire & Casualty Company |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |

| (215) 665-3315 | (215)561-6661 | Carlos@bbs-law.com |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DUNN                           :
                                    :
        vs.                         :
                                    :
STATE FARM FIRE AND                 :
CASUALTY COMPANY                    :        NO.

## NOTICE FOR REMOVAL OF CIVIL ACTION
## FROM STATE COURT

AND NOW, comes defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm" or "defendant") for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, March Term, 2015 No. 03089.

2.      Said action was commenced by the filing of a Complaint on March 25, 2015. The Complaint was served via certified mail on State Farm. A true and correct copy of plaintiff's Complaint is attached hereto, made a part hereof and marked as Exhibit "A".

3.      The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

4.      This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiff is an individual who now, and was at the time plaintiff commenced this action, a citizen of this Commonwealth. Defendant State Farm is now and was at the time plaintiff commenced this civil action and filed his complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

5.      Defendant, State Farm, has simultaneously with the filing of this notice, given written notice to the plaintiff.

6.      Defendant, State Farm, is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

7.      The Complaint asserts breach of contract and bad faith pursuant to 42 Pa.C.S.A. § 8371.  The amount in controversy with regard to the breach of contract claim is listed to be less than $50,000. Plaintiff also attached a complaint from his public adjuster which totals approximately $31,198.78.[1]

8.      In his bad faith claim, pursuant to 42 Pa. C.S.A. §8371, plaintiff seeks in addition to compensatory damages, interest upon the amount of the contract claim against defendant at prime rate plus three percent, punitive damages, attorney's fees and costs.

9.      Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania.  Defendant asserts that the amount in controversy in this matter exceeds $75,000.  As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court.  Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

10.      In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint.  Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

11.      The underlying lawsuit as alleged in the Complaint arises out of defendant's handling of a property damage claim to plaintiff's property located at 1532 N. 11th Street in Reading, Pennsylvania for a loss that occurred on or about May 22, 2014.

12.      There is no specific assertion as to the amount in controversy set forth in plaintiff's complaint. However, plaintiff avers in his breach of contract claim that the damages caused by

---

[1] Defense counsel contacted plaintiff's counsel to determine if plaintiff would be willing to stipulate to capping damages to $75,000. Plaintiff's counsel stated that despite the public adjuster's estimate, he was unable to stipulate to capping damages which has required Liberty to file the instant removal.

the loss was less than $50,000 and attach an estimate from Metro Public Adjusters as Exhibit "A" to the complaint which indicates total damages of approximately $31,198.78. See Exhibit "A".

13.     With reference to his bad faith claim pursuant to 42 Pa. C.S.A.§8371, plaintiff avers that he is seeking punitive damages, interest, as well as attorney's fees and costs for litigation. Attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $15,000.

14.     In addition, it is anticipated that plaintiff will also seek punitive damages pursuant to 42 Pa. C.S.A. §8371.  Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).  The contractual amount in controversy alleged in the Complaint are approximately $31,198.78 based on the allegations in the Complaint, coupled with estimated reasonable attorneys' fees, and if plaintiff is able to sustain a finding of bad faith, although the propriety of same is disputed by moving defendant, it is not unreasonable to expect that a punitive damage award five or six times the amount in controversy could be rendered by the trier of fact.

WHEREFORE, defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

By: _PAC2642_ _Pamela A. Carlos_
**PAMELA A. CARLOS, ESQUIRE**
**LILY K. HUFFMAN, ESQUIRE**
**Attorney for Defendant**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**1601 Market Street, 16th Floor**
**Philadelphia, PA 19103**
carlos@bbs-law.com
**(215)665-3315**
huffman@bbs-law.com
**(215) 665-3353**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DUNN                                          :
                                                   :
         vs.                                       :
                                                   :
STATE FARM FIRE AND                                :
CASUALTY COMPANY                                   :          NO.

### NOTICE OF REMOVAL

**TO:**    Scott Gallant, Esquire
           One Penn Center, Suite 1270
           1617 John F. Kennedy Boulevard
           Philadelphia, PA  19103

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company has filed

in this Court a verified Notice for Removal of the State Court action, John Dunn vs .State Farm Fire

and Casualty Company, now pending in the Court of Common Pleas of Philadelphia County,

Pennsylvania, March Term, 2015, No. 03089.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be

filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now

removed to this Court.  The State Court has no further jurisdiction over this action and you should

proceed no further in that Court or under its authority.

BY:     *Pamela A. Carlos*
        **PAMELA A. CARLOS, ESQUIRE**
        **LILY K. HUFFMAN, ESQUIRE**
        **Attorneys for Defendant**
        **BENNETT, BRICKLIN & SALTZBURG LLC**
        **1601 Market Street, 16th Floor**
        **Philadelphia, PA 19103**
        carlos@bbs-law.com
        **(215) 665-3315**
        huffman@bbs-law.com
        **(215) 665-3353**

**DATE:**  04/23/15

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JOHN DUNN                          :
                                   :
        vs.                        :
                                   :
STATE FARM FIRE AND                :
CASUALTY COMPANY                   :        NO.

## DEFENDANT'S CERTIFICATION OF FILING OF
## COPY OF NOTICE OF REMOVAL WITH STATE COURT

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is

a member with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State

Farm Fire and Casualty Company.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of

Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on

April 23, 2015.

                              BY:    _Pamela A. Carlos_____
                                     **PAMELA A. CARLOS, ESQUIRE**
                                     **Attorney for defendant**
                                     **BENNETT, BRICKLIN & SALTZBURG LLC**
                                     **1601 Market Street, 16th Floor**
                                     **Philadelphia, PA 19103**
                                     **Carlos@bbs-law.com**
                                     **(215) 665-3315**

**Sworn to and subscribed**
**before me this 23th day**
**of April, 2015.**

_signature_
**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila County
My Commission Expires October 24, 2017

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DUNN       :
             :
   **vs.**        :
             :
STATE FARM FIRE AND   :
CASUALTY COMPANY    :   NO.

### CERTIFICATE OF SERVICE

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is

an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State

Farm Fire and Casualty Company and that she certifies that a true and correct copy of this Removal

Petition was filed electronically and is available for viewing and downloading from the Electronic

Case filing system which constitutes service upon the following counsel of record :

  Scott Gallant, Esquire
  One Penn Center, Suite 1270
  1617 John F. Kennedy Boulevard
  Philadelphia, PA  19103

      **BY:**  *Pamela A. Carlos*
          **PAMELA A. CARLOS, ESQUIRE**
          **Attorney for Defendant**
          **BENNETT, BRICKLIN & SALTZBURG LLC**
          **1601 Market Street, 16th Floor**
          **Philadelphia, PA 19103**
          **(215) 665-3353**

**Sworn to and subscribed**
**before me this 23th day**
**of April, 2015.**

*Denise M. Patsch*
**NOTARY PUBLIC**

```
COMMONWEALTH OF PENNSYLVANIA
          NOTARIAL SEAL
   DENISE M. PATSCH, Notary Public
   City of Philadelphia, Phila. County
My Commission Expires October 24, 2017
```

## AFFIDAVIT

I, Pamela A. Carlos, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

*Pamela A. Carlos*

**PAMELA A. CARLOS, ESQUIRE**


**DATE:**  April 23, 2015

# EXHIBIT "A"

# GALLANT & PARLOW, P.C.
*attorneys at law*
ONE PENN CENTER • SUITE 1270
1617 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103

TELEPHONE: (215) 568-2900
FAX: (215) 568-2901

email: sgallant@gallantparlow.com

SCOTT R. GALLANT *
MICHAEL K. PARLOW
DAVID S. BERGSTRAHL*
MICHAEL N. HADGIS*
PAUL G. LANG

*ALSO ADMITTED IN NJ

FILE NO.:

Rec'd in Corporate Law

MAR 30 2015

Litigation Section B-3

BUCKS COUNTY OFFICE
3618 HULMEVILLE ROAD
BENSALEM, PA 19020
TELEPHONE: (215) 639-4400
FAX: (215) 639-4406

NEW JERSEY OFFICE
411 ROUTE 70 EAST • SUITE 200
CHERRY HILL, NJ 08034
TELEPHONE: (856) 489-0600
FAX: (856) 482-5651

6295

March 26, 2015

**CERTIFIED MAIL RRR**
7013 1710 0002 2177 1079

State Farm Fire & Casualty Company
One State Farm Plaza
Bloomington, IL 61710-0001

> **RE:**   *John Dunn v. State Farm Fire & Casualty Company*
> *Philadelphia County, CCP, march Term, 2015, No. 3089*

Dear Sir/Madam:

Enclosed please find a Civil Action Complaint, which has been filed against you in the above-referenced matter. I would advise you to forward this document to your attorney immediately as it requires an Answer within thirty (30) days. If you would like to discuss an amicable resolution of this matter, please do not hesitate to contact me.

Thank you for your attention to this matter.

Very truly yours,
GALLANT & PARLOW, P.C.

SCOTT R. GALLANT

SRG/kc
Enclosure

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **MARCH 2015** | **003089** |
| E-Filing Number: 1503049497 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN DUNN | STATE FARM FIRE & CASUALTY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1532 NORTH 11TH STREET<br>READING PA 19604 | ONE STATE FARM PLAZA<br>BLOOMINGTON IL 61710-0001 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [X] $50,000.00 or less<br>[ ] More than $50,000.00 | [X] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 1O - CONTRACTS OTHER |

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br>MAR 25 2015<br>K. EDWARDS | YES    NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOHN DUNN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| SCOTT R. GALLANT | GALLANT & PARLOW P.C.<br>ONE PENN CENTER, SUITE 1270<br>1617 JOHN F. KENNEDY BOULEVARD<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)568-2900 | (215)568-2901 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 69676 | sgallant@gallantparlow.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| SCOTT GALLANT | Wednesday, March 25, 2015, 09:53 am |

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 12/18/2015
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

GALLANT & PARLOW, P.C.
By: SCOTT P. GALLANT, ESQUIRE

IN ARBITRATION

Identification No. 69676
One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
sgallant@gallantparlow.com
(215) 568-2900

ASSESSMENT OF DAMAGES
HEARING REQUIRED

Attorney for Plaintiff

| | | |
|---|---|---|
| JOHN DUNN | : | PHILADELPHIA COUNTY |
| 1532 N. 11th Street | : | COURT OF COMMON PLEAS |
| Reading, PA 19604 | : | |
| | : | MARCH TERM, 2015 |
| v. | : | NO. |
| | : | |
| STATE FARM FIRE & CASUALTY | : | |
| COMPANY | : | |
| One State Farm Plaza | : | |
| Bloomington, IL 61710-0001 | : | |

## CIVIL ACTION

<div style="display:flex">

**NOTICE**

You have been sued in court. If you wish to defend against
the claims set forth in the following pages, you must take
action within twenty (20) days after this complaint and notice
are served, by entering a written appearance personally or by
attorney and filing in writing with the court your defenses or
objections to the claims set forth against you. You are warned
that if you fail to do so the case may proceed without you and
judgment may be entered against you by the court without
further notice for any money claimed in the complaint or for
any other claim or relief requested by the plaintiff. You may
lose money or property or other rights important to you.
You should take this paper to your lawyer at once. If you
do not have a lawyer or cannot afford one, go to or telephone
the office set forth below to find out where you can get legal help.

**AVISO**

Le han demandado a usted en la corte. Si usted quiere
defenderse de estas demandas expuestas en las páginas
siguientes, usted tiene veinte (20) dias de plazo a partir
de la fecha de la demanda y la notificatión. Hace falta
asentar una comparencia escrita o en persona o a
entregar a la corte en forma con un abogado y escrita
sus defensas o sus objectiones a las demandas en contra de
su persona. Sea avisado que si usted no se defiende, la
corte tomará medidas y puede continuar la demandante y
la demanda en contra suya sin previo aviso o notificatión.
Además, la corte puede decidir a favor del demandante y
requiere que usted cumpla con todas las provisiones de esta
demanda. Usted puede perder dinero o sus propiedades u
otros derechos importantes para usted.
INMEDIATAMENTE. SI NO TIENE ABOGADO O
SINO TIENE EL DINERO SUFICIENTE DE PAGAR
TAL SERVICO, VAYA EN PERSONA O LLAME POR
TELÉFONO A LA OFICINA CUYA DIRECCIóN SE
ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR
DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

</div>

*PHILADELPHIA COUNTY BAR ASSOCIATION*
*LAWYER REFERRAL AND INFORMATION SERVICE*
*One Reading Center*
*PHILADELPHIA, PENNSYLVANIA 19107*
TELEPHONE: (215) 238-6333

Case ID: 150303089

**GALLANT & PARLOW, P.C.**
By: SCOTT R. GALLANT, ESQUIRE
Identification No. 69676
One Penn Center, Suite 1270
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
sgallant@gallantparlow.com
(215) 568-2900

IN ARBITRATION
ASSESSMENT OF DAMAGES
HEARING REQUIRED


Attorney for Plaintiff

| | |
|---|---|
| JOHN DUNN<br>1532 N. 11th Street<br>Reading, PA 19604 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>MARCH TERM, 2015<br>NO. |
| v. | |
| STATE FARM FIRE & CASUALTY<br>COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710-0001 | |

## CIVIL ACTION
### (1C. Contracts & Bad Faith)

1.      Plaintiff, John Dunn, is an adult individual residing at the address as set forth above.

2.      Defendant, State Farm Fire & Casualty Insurance Company, is a corporation, incorporation, company, limited liability company, or other similar corporate entity duly organized and existing and licensed to issue policies of insurance in the Commonwealth of Pennsylvania and maintains its principal place of business at the address set forth above.

3.      Defendant regularly conducts business in the City and County of Philadelphia.

4.      Defendant, in its regular course of business, issued to Plaintiff a policy of insurance, Policy No. 78NX58952, covering Plaintiff's premises located at 1532 North 11th Street, Reading, PA 19604. Plaintiff is not in possession of the entire policy and it is alleged that said policy is in the possession of Defendant.

Case ID: 150303089

5.      At all times material hereto, Defendant was acting either individually or through its duly authorized agents, servants, workmen or employees, who were acting within the course and scope of their employment and on the business of said employer.

6.      On or about May 22, 2014, while said policy of insurance was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss due to wind, hail and rain, resulting in damage to the insured premises in those areas and to the extent set forth in the Estimate of Loss of Metro Public Adjustment, Inc., a true and correct copy of which is attached hereto, made part hereof, and marked Exhibit "A".

7.      Notice of Plaintiff's covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of him under the policy of insurance issued by Defendant, including cooperating with Defendant's investigation; mitigating damages where reasonable, required and/or possible; providing Defendant with all available information and complying with all conditions precedent.

8.      Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance.

9.      Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforementioned policy of insurance, as well as the mishandling of Plaintiff's claim, Plaintiff has suffered loss and damage in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT I - BREACH OF CONTRACT

10.     Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

11.     Defendant has breached its contractual obligations to pay benefits to Plaintiff for a

loss covered under Defendant's policy of insurance.

**WHEREFORE**, Plaintiff, John Dunn, demands judgment against Defendant, State Farm Fire & Casualty Insurance Company in an amount not in excess of Fifty Thousand Dollars ($50,000.00) together with interest and costs.

<u>**COUNT II - BAD FAITH**</u>

12.    Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

13.    Defendant has engaged in Bad Faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to its adjustment of Plaintiff's covered loss, in violation of 42 Pa.C.S.A. § 8371.

14.    In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, has engaged in the following conduct:

   (a)    in forwarding correspondence to Plaintiff and/or Plaintiff's representative, representing to Plaintiff and/or Plaintiff's representatives that his claim was not, in fact, covered under Defendant's policy of insurance when Defendant knew or should have known that such representation was false and misleading.

   (b)    in failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

   (c)    in misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;

   (d)    in treating the Plaintiff with reckless indifference and disregard under the circumstances;

(e)     in not having a reasonable basis for denying Plaintiff's benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim;

(f)     in interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiff.

15.     Solely as a result of Defendant's bad faith misconduct as aforesaid, Plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by Defendant for Plaintiff's covered loss, and has incurred costs and other expenses in connection with said claim.

**WHEREFORE**, Plaintiff, John Dunn, demands judgment against Defendant, State Farm Fire & Casualty Insurance Company, for punitive damages, counsel fees and costs, together with interest on Plaintiff's claim, in an amount not in excess of Fifty Thousand Dollars ($50,000.00).


**GALLANT & PARLOW, P.C.**


BY:  _/s/Scott R. Gallant_____
        SCOTT R. GALLANT, ESQUIRE
        Attorney for Plaintiff

Date: _March 25, 2015_

Case ID: 150303089

# **VERIFICATION**

The undersigned, having read the attached document, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the document are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

X _John Dunn_____
JOHN DUNN

**FILE NO.:   6295**

Case ID: 150303089

# EXHIBIT A

Case ID: 150303089



**METRO**
PUBLIC ADJUSTMENT, INC.

| | |
|---|---|
| Insured: | John Dunn |
| Property: | 1532 N. 11th St. |
| | Reading, PA 19604 |

| | |
|---|---|
| Claim Rep.: | Chris Powers |
| Company: | Metro Public Adjustment |

| | |
|---|---|
| Estimator: | Chris Powers |
| Company: | Metro Public Adjustment |

**Claim Number:** 385H49752    **Policy Number:** 78-NX-5895-2    **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date of Loss: | 5/22/2014 | Date Received: | |
| Date Inspected: | | Date Entered: | 12/10/2014 3:58 PM |

| | |
|---|---|
| Price List: | PARE7X_NOV14 |
| | Restoration/Service/Remodel |
| Estimate: | DUNN |

The following estimate is only an approximation of the damages suffered, or expenses incurred, by the insured. No warranty or representation with regard to the accuracy of the estimate is expressed or implied and none should be inferred. The actual damages suffered, or expenses incurred, could be higher or lower than the estimate, even significantly, depending on variances in a number of factors affecting the estimate and the accuracy of the information and assumptions upon which the estimate is based. The estimate is based upon, among other things: information provided to us by the insured; our own observations; measurements taken by our own representatives, the insured and others engaged by the insured; as well as certain assumptions made by us. Many factors may effect the amount of the estimate where compensation has already been received by the insured for the damage, and with regard to which payment we were not informed; the cost of one contractor varying from another contractor as a result of a number of factors, including, without limitation, the quality of the work, the quality of the materials, or warranties provided by such contractors; damages that were not observed at the time the estimate was rendered because of a lack of accessibility or weather; and all other factors beyond our reasonable control. This estimate has been calculated for informational purposes only, and is based upon our good faith belief as the damages suffered or expenses incurred as a result of the particular loss, and only represents one opinion as to the method of repair, restoration, or replacement. Any reliance on the estimate is at your own risk and you agree to hold Metro Public Adjustment, Inc., its representatives, employees, agents, officers, and principals harmless in the event of such reliance.
Copyright 1996 Metro Public Adjustment, Inc.



DUNN

Main Level

**Main Level**

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 4. R&R Furring strip - 2" x 2" | 600.00 SF | 0.37 | 0.88 | 750.00 |
| 10. Insulation - Labor Minimum | 1.00 EA | 0.00 | 183.80 | 183.80 |
| allow for damaged insulation in atic | | | | |

Total: Main Level | | | | 933.80

**Kitchen**            Height: 8' 8"

| | |
|---|---|
| 382.78 SF Walls | 120.83 SF Ceiling |
| 503.61 SF Walls & Ceiling | 120.83 SF Floor |
| 13.43 SY Flooring | 44.17 LF Floor Perimeter |
| 44.17 LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 11. Content Manipulation charge - per hour | 2.00 HR | 0.00 | 28.84 | 57.68 |
| 14. Interior Plaster Repair - Min. Charge - Labor and Material | 1.00 EA | 0.00 | 282.92 | 282.92 |
| 17. Floor protection - self-adhesive plastic film | 120.83 SF | 0.00 | 0.50 | 60.42 |
| 20. R&R Acoustic ceiling tile - High grade | 120.83 SF | 0.47 | 3.60 | 491.78 |
| 23. Seal/prime then paint the walls and ceiling (2 coats) - 2 colors | 503.61 SF | 0.00 | 0.78 | 392.82 |
| 30. Built-in oven - Detach & reset | 1.00 EA | 0.00 | 119.56 | 119.56 |
| 31. Refrigerator - Remove & reset | 1.00 EA | 0.00 | 28.45 | 28.45 |
| 32. Radiator unit - Large - Detach & reset | 1.00 EA | 0.00 | 257.07 | 257.07 |
| 34. Shelving - Detach & reset | 4.00 LF | 0.00 | 6.06 | 24.24 |
| 35. Final cleaning - construction - Residential | 120.83 SF | 0.00 | 0.15 | 18.12 |

Totals: Kitchen | | | | 1,733.06

Case ID: 150303089





**Pantry**  Height: 8' 8"

| | | |
|---|---|---|
| 127.11 SF Walls | 12.44 SF Ceiling | |
| 139.56 SF Walls & Ceiling | 12.44 SF Floor | |
| 1.38 SY Flooring | 14.67 LF Floor Perimeter | |
| 14.67 LF Ceil. Perimeter | | |

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 12.  Content Manipulation charge - per hour | 1.00 HR | 0.00 | 28.84 | 28.84 |
| 15.  Plaster patch / small repair - ready for paint | 1.00 EA | 0.00 | 181.07 | 181.07 |
| 18.  Floor protection - self-adhesive plastic film | 12.44 SF | 0.00 | 0.50 | 6.22 |
| 22.  Seal/prime then paint the walls and ceiling (2 coats) | 139.56 SF | 0.00 | 0.70 | 97.69 |
| 24.  Shelving - Detach & reset | 13.00 LF | 0.00 | 6.06 | 78.78 |
| 25.  Shelving - Detach & reset | 10.67 LF | 0.00 | 6.06 | 64.66 |
| 36.  Final cleaning - construction - Residential | 12.44 SF | 0.00 | 0.15 | 1.87 |

Totals: Pantry    459.13

---

**Laundry Room**  Height: 8' 8"

| | | |
|---|---|---|
| 369.78 SF Walls | 90.42 SF Ceiling | |
| 460.19 SF Walls & Ceiling | 90.42 SF Floor | |
| 10.05 SY Flooring | 42.67 LF Floor Perimeter | |
| 42.67 LF Ceil. Perimeter | | |

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 13.  Content Manipulation charge - per hour | 1.00 HR | 0.00 | 28.84 | 28.84 |
| 16.  Drywall - Labor Minimum | 1.00 EA | 0.00 | 249.05 | 249.05 |
| 19.  Floor protection - self-adhesive plastic film | 90.42 SF | 0.00 | 0.50 | 45.21 |
| 21.  Seal/prime then paint the walls and ceiling (2 coats) | 460.19 SF | 0.00 | 0.70 | 322.13 |
| 27.  Dryer - Remove & reset | 1.00 EA | 0.00 | 21.36 | 21.36 |
| 28.  Washer - Extractor - Remove & reset | 1.00 EA | 0.00 | 73.84 | 73.84 |
| 29.  Light fixture - Detach & reset | 1.00 EA | 0.00 | 30.96 | 30.96 |

DUNN    1/7/2015    Page: 3

Case ID: 150303089



**CONTINUED - Laundry Room**

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 37. Final cleaning - construction - Residential | 90.42 SF | 0.00 | 0.15 | 13.56 |

| Totals: Laundry Room | | | | 784.95 |
|---|---|---|---|---|



**Roof1**

2,971.55  Surface Area          29.72  Number of Squares
228.31  Total Perimeter Length          74.00  Total Ridge Length

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 1. R&R Masonry chimney and flue | 7.98 LF | 51.46 | 240.46 | 2,329.52 |
| 2. R&R Chimney flashing - average (32" x 36") | 1.00 EA | 14.48 | 262.54 | 277.02 |
| 3. Dumpster load - Approx. 20 yards, 4 tons of debris | 1.00 EA. | 520.00 | 0.00 | 520.00 |
| 5. Remove Slate roofing - High grade - 18" to 24" tall | 14.86 SQ | 128.41 | 0.00 | 1,908.17 |
| 6. Slate roofing - High grade - 18" to 24" tall | 14.86 SQ | 0.00 | 1,080.72 | 16,059.50 |
| 7. Scaffold - per section (per day) | 50.00 DA | 0.00 | 16.20 | 810.00 |
| 8. Remove Additional charge for high roof (2 stories or greater) | 14.86 SQ | 4.08 | 0.00 | 60.63 |
| 9. Additional charge for high roof (2 stories or greater) | 14.86 SQ | 0.00 | 13.11 | 194.81 |
| 26. R&R Flashing - pipe jack | 3.00 EA | 5.44 | 28.30 | 101.22 |

| Totals: Roof1 | | | | 22,260.87 |
|---|---|---|---|---|

| Total: Main Level | | | | 26,171.81 |
|---|---|---|---|---|

| Line Item Totals: DUNN | | | | 26,171.81 |
|---|---|---|---|---|

Case ID: 150303089



## Grand Total Areas:

| | | |
|---|---|---|
| 879.67 SF Walls | 223.69 SF Ceiling | 1,103.36 SF Walls and Ceiling |
| 223.69 SF Floor | 24.85 SY Flooring | 101.50 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 101.50 LF Ceil. Perimeter |
| 223.69 Floor Area | 258.86 Total Area | 879.67 Interior Wall Area |
| 1,334.89 Exterior Wall Area | 109.50 Exterior Perimeter of Walls | |
| 2,971.55 Surface Area | 29.72 Number of Squares | 228.31 Total Perimeter Length |
| 74.00 Total Ridge Length | 0.00 Total Hip Length | |

DUNN

Case ID: 150303089



**METRO**
PUBLIC ADJUSTERS, INC.

## Summary for Dwelling

| | | | |
|---|---|---|---:|
| Line Item Total | | | 26,171.81 |
| Material Sales Tax | @ | 6.000% | 658.44 |
| Subtotal | | | 26,830.25 |
| Overhead | @ | 10.0% | 2,683.06 |
| Profit | @ | 10.0% | 2,683.06 |
| Cleaning Sales Tax | @ | 6.000% | 2.41 |
| **Replacement Cost Value** | | | **$32,198.78** |
| Less Deductible | | | (1,000.00) |
| **Net Claim** | | | **$31,198.78** |

Chris Powers

DUNN

Case ID: 150303089



**METRO**
PUBLIC ADJUSTMENT, INC.

## Recap by Room

**Estimate: DUNN**

| Area: Main Level | | |
|---|---:|---:|
| Kitchen | 933.80 | 3.57% |
| Pantry | 1,733.06 | 6.62% |
| Laundry Room | 459.13 | 1.75% |
| Roof1 | 784.95 | 3.00% |
| | 22,260.87 | 85.06% |
| **Area Subtotal:  Main Level** | **26,171.81** | **100.00%** |
| **Subtotal of Areas** | **26,171.81** | **100.00%** |
| **Total** | **26,171.81** | **100.00%** |

Case ID: 150303089



**METRO**
PUBLIC ADJUSTERS, INC.

## Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---:|---:|
| ACOUSTICAL TREATMENTS | | | 434.99 | 1.35% |
| APPLIANCES | | | 243.21 | 0.76% |
| CLEANING | | | 33.55 | 0.10% |
| CONTENT MANIPULATION | | | 115.36 | 0.36% |
| GENERAL DEMOLITION | | | 3,209.04 | 9.97% |
| DRYWALL | | | 249.05 | 0.77% |
| FINISH CARPENTRY / TRIMWORK | | | 167.68 | 0.52% |
| FIREPLACES | | | 1,918.87 | 5.96% |
| FRAMING & ROUGH CARPENTRY | | | 528.00 | 1.64% |
| HEAT, VENT & AIR CONDITIONING | | | 257.07 | 0.80% |
| INSULATION | | | 183.80 | 0.57% |
| LIGHT FIXTURES | | | 30.96 | 0.10% |
| INTERIOR LATH & PLASTER | | | 463.99 | 1.44% |
| PAINTING | | | 924.49 | 2.87% |
| ROOFING | | | 16,601.75 | 51.56% |
| SCAFFOLDING | | | 810.00 | 2.52% |
| O&P Items Subtotal | | | 26,171.81 | 81.28% |
| Material Sales Tax | @ | 6.000% | 658.44 | 2.04% |
| Overhead | @ | 10.0% | 2,683.06 | 8.33% |
| Profit | @ | 10.0% | 2,683.06 | 8.33% |
| Cleaning Sales Tax | @ | 6.000% | 2.41 | 0.01% |
| Total | | | 32,198.78 | 100.00% |

**Minimum Charges vs. Service Charges**
The key distinction between a labor minimum and a service charge is that the minimum charge includes time (labor) needed to actually perform the work, while the service charge does not. Service charges, as defined, include only the drive-time and mobilization fees which are applied in many cases regardless of the amount of work being done.
**General Contractor and Subcontractor Overhead and Profit**
When Xactware surveys prices from contractors in the field, the unit prices the contractors provide are intended to be inclusive of costs and fees associated with performing the task, but exclude any general overhead and profit percentage.
While most often what is referred to as overhead and profit (O&P) is general overhead and profit paid to the general contractor, there is an additional category of O&P that is often not mentioned: this is the O&P required by the subcontractor who performs the work.
The unit prices published by Xactware should include the general contractors cost to either perform the work with in-house employees or to hire a subcontractor.
Because subcontractors incur their own overhead and also desire a profit, it can be reasonably assumed that the unit prices published by Xactware include the subcontractors O&P, but do not include the general contractors O&P.
**Summary:**
When used, general overhead and profit is most commonly added to the end of the estimate as a percentage of the total job; therefore, the general overhead and profit percentage is not included within the unit prices published by Xactware.
Subcontractor's O&P is intended to be included within the unit prices.



UNITED STATES POSTAGE
PITNEY BOWES

02 1P        $ 007.110
0003166754    MAR 26 2015
MAILED FROM ZIP CODE 19103

7013 1710 0002 2177 1079

GALLANT & PARLOW, P.C.
*attorneys at law*
ONE PENN CENTER • SUITE 1270
1617 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103

State Farm Fire & Casualty Company
One State Farm Plaza
Bloomington, IL 61710-0001



22000062099ST00

**CORPORATE HDQ B-3**

COOK,JASON
Alias : JOWG
Dept# : 10080383330
Dept : CORPORATE LAW
Phone : 3097350796

Pallet #: 22JCOOK033015033015

Carrier: #: USPS
Tracking #: 70131710000221771079
Reference #:

---ALERT INFORMATION---

Alert #:
Instructions:

---ADDITIONAL INFORMATION---

3/30/2015 9:22:32 AM